# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>                Plaintiff, )<br>   )<br>vs. )<br>   )<br>KEVIN BANG WINN, )<br>   )<br>                Defendant. )<br>_____ ) | Case No.: 2:13-cr-00295-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss Indictment (ECF No. 32) filed by Defendant Kevin Bang Winn ("Defendant") on April 21, 2014. The government filed a Response to the Motion (ECF No. 33) on April 29, 2014, and Defendant filed his Reply (ECF No. 34) on May 5, 2014. The motion was referred to the Honorable Peggy A. Leen, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B). On July 21, 2014, Judge Leen entered a Report and Recommendation (ECF No. 38) granting in part and denying in part Defendant's motion. The government subsequently filed an Objection (ECF No. 42) to the Report and Recommendation on July 31, 2014, and Defendant filed his Response to the Objection (ECF No. 44) on August 15, 2014.

## I.  BACKGROUND

On July 31, 2013, a federal grand jury returned an Indictment (ECF No. 1) against Defendant, charging him with eleven counts of Health Care Fraud – Medicare in violation of 18 U.S.C. § 1347. The Indictment charges that between March 2006 and August 2008, Defendant knowingly and willfully executed a scheme to defraud a healthcare benefit program and to obtain by fraudulent representations money owed by and under the custody of the federal Medicare program in connection with delivery of, and payment for, health care benefits. (Indictment ¶ 1, ECF No. 1). The scheme allegedly involved fraudulently billing Medicare for

durable medical equipment ("DME") which were not provided to patients and were not medically necessary. (*Id.*). Specifically, the Indictment alleges that Defendant operated Desert Medical Equipment ("Desert"), a durable medical supply company in Las Vegas, Nevada, and during the period between March 2006 and August 2008, Medicare paid $640,000 to Desert on fraudulently submitted DME claims for DME that were never provided to Desert's customers. (*Id.* at ¶¶ 2–7).

In his Motion to Dismiss, Defendant argues that he had completely disassociated himself from the fraudulent scheme by June of 2008 when he moved from Las Vegas to California and ceased all contact with Desert. (Mot. to Dismiss 2:7-3:25, ECF No. 32). He therefore contends that because charges of health care fraud under 18 U.S.C. § 1347 are subject to a five year statute of limitations, the Indictment—which was filed five years and one month after he left Desert—must be dismissed. (*Id.* 4:2-6:6). It its Response, the government conceded that the operative dates for the charges brought pursuant 18 U.S.C. § 1347 are the dates on which fraudulent requests for payment are submitted to Medicare and that the requests relevant to Counts One through Five in the Indictment were submitted more than five years before the Grand Jury returned the Indictment. (Response 2:3-14, ECF No. 33). However, the government contended that all the counts were still charged within the five-year statute of limitations because health care fraud is a continuing offense, so the statute of limitations does not begin to run until the entire crime is completed. (*Id.* 2:9-4:11 (citing *United States v. Mermelstein*, 487 F.Supp.2d 240, 253 (E.D.N.Y. 2007) ("Continuing offenses . . . are not barred by the statute of limitations if the alleged conduct continues to a date within the limitations period."); *Toussie v. United States*, 397 U.S. 112, 115 (1970) (noting that the applicable statute of limitations for continuing crimes is delayed until the entire crime is completed)).

In her Report and Recommendation, Judge Leen noted that, regardless of whether health

care fraud is a continuing offense or not, Desert's allegedly fraudulent requests for payment relating to Counts Six through Nine and Counts Ten and Eleven were submitted to Medicare on August 4, 2008 and August 25, 2008, respectively. (Report and Recommendation 4:10-14, ECF No. 38). Therefore, these counts clearly fell within the statute of limitations and should not be dismissed. (*Id.*). However, Judge Leen determined that health care fraud was not a continuing offense and that Counts One through Five in the Indictment are time barred and should be dismissed. (*Id.* 19:12-22:7). She therefore recommended that this Court grant in part and deny in part Defendant's Motion to Dismiss. (*Id.* 22:9-23:2).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion."  The Ninth Circuit has instructed that Rule 12(b) motions are usually appropriate to consider legal issues such as double jeopardy, previous conviction or acquittal, statute of limitations, immunity, and jurisdiction. *See United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989).  However, where the legal issues are "intermeshed with questions going to the merits," they should be determined at trial. *See United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993) (citing *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir.)).

/ / /

### III. **DISCUSSION**

The government's sole objection to the Report and Recommendation is Judge Leen's finding that health care fraud is not a continuing offense and that Counts One through Five in the Indictment are therefore barred by the statute of limitations.[1] (Objection 1:17-2:4, ECF No. 42). Accordingly, the sole issue currently before the Court is whether health care fraud under 18 U.S.C. § 1347 is a continuing offense.

#### A. The *Toussie* Test

In the case of *Toussie v. United States*, the Supreme Court formulated a two-part test to determine when an offense should be considered a continuing offense for statute of limitations purposes. 397 U.S. at 115. The Court held that a crime is a continuing offense when either: (1) the explicit language of the criminal statute compels such a conclusion or (2) the nature of the crime is such that Congress "must assuredly have intended" that it be treated as a continuing one. *Id.*

Unlike some criminal statutes, such as the concealment of bankruptcy assets under 18 U.S.C. § 3284, Congress did not explicitly state in 18 U.S.C. § 1347 that health care fraud is a continuing offense. Therefore, in order to be a continuing offense under *Toussie*, the nature of health care fraud must be such that Congress assuredly intended it to be treated as a continuing offense. *Toussie*, 397 U.S. at 115. One example of an offense that the Supreme Court has found to have such a nature is escape from federal custody under 18 U.S.C. § 751(a). *United States v. Bailey*, 444 U.S. 394, 413 (1980). In *Bailey*, the Supreme Court held that in the case of escape from federal custody under 18 U.S.C. § 751(a), Congress must have assuredly

---

[1] The Court notes that both Defendant and the government adopt Judge Leen's finding that Counts Six through Eleven are not barred by the statute of limitations. (Objection, ECF No. 42; Resp. to Objection, ECF No. 44). Therefore, having reviewed the record and the relevant law, the Court agrees with Judge Leen's finding that Counts Six through Eleven should not be dismissed and adopts the unopposed portion of the Report and Recommendation denying Defendant's Motion to Dismiss with regards to these counts. *See* 28 U.S.C. § 636(b)(1); D. Nev. LR IB 1-4.

intended the crime to be continuing offense because of the continuing threat to society posed by an escaped prisoner. *Id.* Similarly, the Ninth Circuit has found several other crimes to be continuing offenses despite a lack of explicit language in the relevant statute due to the ongoing nature of the threat posed by those crimes. *See, e.g.*, *Eichelberger v. United States*, 252 F.2d. 184 (9th Cir. 1992) (holding that illegal possession of firearms in violation of 18 U.S. C. §§ 5811–5814 is an continuing offense); *United States v. Gray*, 876 F.2d. 1411, 1418 (9th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990) (holding that failure to appear for sentencing in violation of 18 U.S.C. § 3146(a) is a continuing offense). However, neither the Supreme Court nor the Ninth Circuit has ever specifically addressed whether health care fraud in violation of 18 U.S.C. § 1347 is of such a nature that Congress must have intended it to be a continuing offense.

**B.     Other Courts Addressing Whether Health Care Fraud is a Continuing Offense**

So far, there have been at least four district courts and one circuit court that have addressed the question of whether health care fraud is a continuing offense. In all five cases, the court found that health care fraud in violation of 18 U.S.C. § 1347 was a continuing offense. *See United States v. Hickman*, 331 F.3d 439, 445–48 (5th Cir. 2003); *United States v. Schickle*, 2010 WL 2680856, *1 (D. Me. 2010); *United States v. Mermelstein*, 487 F. Supp. 2d 240, 253 n.2 (E.D.N.Y. 2007); *United States v. Refert*, 2007 WL 30292, *2 (D.S.D. 2007); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1231 (D. Kan. 2003). The predominant rationale of the courts in these cases was that 18 U.S.C. § 1347 was modeled after and uses nearly identical language to the bank fraud statute, 18 U.S.C. § 1344, and several circuit courts—including the Ninth Circuit—had already found that bank fraud was a continuing offense. *See, e.g.*, *Hickman*, 331 F.3d at 445–46; *Schickle*, 2010 WL 2680856, *1 (citing *United States v. Munoz–Franco*, 487 F.3d 25, 55, n.32 (1st Cir. 2007), which found bank fraud to be a continuing offense); *Refert*, 2007 WL 30292, *2 (citing *United States v. Nash*, 115 F.3d 1431, 1441 (9th Cir. 1997),

which found bank fraud to be a continuing offense).  The courts reasoned that because bank fraud was a continuing offense, health care fraud must also be a continuing offense. *Id.*

In *Hickman*, the Fifth Circuit explained that 18 U.S.C. § 1347 "punishes one who 'knowingly and willfully executes, or attempts to execute, a scheme or artifice … to defraud any health care benefit program … or … to obtain, by means of false or fraudulent pretenses … any of the money or property … of … any health care benefit program….'" *Hickman*, 331 F.3d at 445.  The Fifth Circuit noted that the "language and structure [of this provision] are almost identical to the bank fraud statute," which punishes one who "knowingly executes, or attempts to execute, a scheme or artifice … to defraud a financial institution … or … to obtain any of the moneys … of … a financial institution, by means of false or fraudulent pretenses…." *Id.* (citing 18 U.S.C. § 1344).  The Court emphasized the common language in both of these statutes for punishing "each execution of the scheme" and contrasted this language with the mail and wire fraud statutes, which punish "each act in furtherance, or execution, of the scheme" and which courts have found are not continuing offenses. *Id.* at 446 (citing *United States v. Lemons*, 941 F.2d 309, 318 (5th Cir. 1991)); *see also United States v. Niven*, 952 F.2d 289, 291 (9th Cir. 1991) (finding mail and wire fraud are not continuing offenses) *overruled on other grounds by United States v. Scarano*, 76 F.3d 1471, 1477 (9th Cir. 1996).  Therefore, based on the similar language in the two statutes punishing "execution of a scheme," the Fifth Circuit found that health care fraud, like bank fraud, must have been intended by Congress to be a continuing offense. *Id.*

**C.  Ninth Circuit Precedent: Bank Fraud vs. Mail and Wire Fraud**

Although there is no binding precedent for this Court explicitly finding health care fraud to be a continuing offense, the rationale provided by the Fifth Circuit in *Hickman* appears to be equally applicable in the Ninth Circuit.  The Ninth Circuit has held that violations of the bank fraud statute are continuing offenses. *See Nash*, 115 F.3d at 1441; *see also United States v.*

*Najjor*, 255 F.3d 979, 983–84 (9th Cir. 2001); *United States v. Molinaro*, 11 F.3d 853, 859–60 (9th Cir. 1993).  Moreover, in *Nash*, the Ninth Circuit focused on the language in the bank fraud statute referring to the "execution of a scheme" and contrasted that language with the "act in furtherance" language found in the mail and wire fraud statutes in reaching the conclusion that bank fraud is a continuing offense. *Nash*, 115 F.3d at 1441.  Therefore, because the Ninth Circuit based its finding that bank fraud is a continuing offense on statutory language punishing the "execution of an overall scheme" rather than the "acts in furtherance of scheme" language found in the mail and wire fraud statutes, the Fifth Circuit's analysis that health care fraud should also be treated as a continuing offense based on the nearly identical language appears to be the result necessitated by the Ninth Circuit's analysis in *Nash*.

        **D.**    **Health Care Fraud is a Continuing Offense**

Defendant argues that health care fraud should not be treated as a continuing offense because the specific acts alleged to have been committed by the Defendant were discrete independent acts that should not be bundled into the same scheme to defraud. (Resp. to Objection 3:12-4:8, ECF No. 44; Supp. Brief 3:21-5:6, ECF No. 47).  However, the focus of the *Toussie* test is not on the particular defendant's actions in each case but on what Congress intended for the law as a whole. *See Niven*, 952 F.2d at 293 *overruled on other grounds by Scarano*, 76 F.3d at 1477 ("[T]he [*Toussie*] analysis turns on the nature of the substantive offense, not on the specific characteristics of the conduct in the case at issue.").  Therefore, regardless whether Defendant's particular actions in this case can be accurately characterized as discrete, separate actions, such a characterization is irrelevant to the determination of whether violations of the health care fraud statute generally are not continuous.

Judge Leen found that health care fraud was not a continuing offense because, applying the second prong of the *Toussie* test, there is nothing about the nature of health care fraud that makes it a continuing offense. (Report and Recommendation 21:3-25, ECF No. 38).  She also

noted that in *Nash* and *Molinaro*, the Ninth Circuit failed to articulate what it is about the nature of bank fraud that makes it an offense that Congress must assuredly have intended to treat it as continuing under the second prong of the *Toussie* test. (*Id.* 18:6-11).

The Court shares Judge Leen's concern that the nature of health care fraud—like the nature of bank fraud—is not clearly the sort of ongoing threat that meets the second prong of the *Toussie* test in the same way as an offense like escape from federal custody.  As a result, health care fraud is not obviously the kind of crime that should be treated as a continuing offense under the second prong of the *Toussie* test, particularly given the Supreme Court's instruction that "the doctrine of continuing offenses should be applied in only limited circumstances." *Toussie*, 397 U.S. at 115.  However, Congress does appear to have structured health care fraud to be a very similar crime to bank fraud, and the statutes punishing both offenses employ the same "execution of a scheme" language that the Fifth Circuit in *Hickman* relied on in finding health care fraud to be a continuing offense. *See* 18 U.S.C. §§ 1344, 1347; *Hickman*, 331 F.3d at 445.  Therefore, given the Ninth Circuit's previous holding in *Nash* relying on the "execution of a scheme" language to find bank fraud to be a continuing offense, the Court finds that health care fraud under 18 U.S.C. § 1347, which contains the same language, must also be a continuing offense.

Accordingly, Counts One through Five in the Indictment are not barred by the statute of limitations and should not be dismissed.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 38) is **ACCEPTED and ADOPTED in part** to the extent it is consistent with this opinion.  Counts Six through Eleven should not be dismissed and this Court adopts the unopposed portion of the Report and Recommendation denying Defendant's Motion to Dismiss with regards to these counts.

1   **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 32) is
2   **DENIED in its entirety**.
3   **DATED** this 4th day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge