UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cr-0295-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| KEVIN BANG WINN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Kevin Bang Winn's Motion to Stay Restitution. (ECF No. 76).  The Government filed a Response in opposition (ECF No. 77), and Defendant filed a Reply (ECF No. 78).

On July 31, 2013, Defendant was indicted on 11 counts of healthcare fraud in violation of 18 U.S.C. § 1347. (ECF No. 1).  Pursuant to a conditional plea agreement, sentence was imposed on Defendant on August 6, 2015, as to Count 1 of the Indictment, with the disposition of the remaining counts held in abeyance pending appellate decision. (J. 1, ECF No. 68).  For Count 1, Defendant was sentenced to 18 months custody, to self-surrender before noon on August 19, 2016, along with 3 years supervised release and $186,000 in restitution. (*Id.* at 1–5). Defendant is currently on continued supervised release pending appeal and his sentence of imprisonment was stayed pursuant to Fed. R. Crim. P. 38(b)(1). (Gov. Resp. to Mot. 2:22–26, ECF No. 77).  Defendant timely filed his appeal on August 20, 2015. (ECF No. 70).

Federal Rule of Criminal Procedure 38(e) states in pertinent part that the District Court "may stay–on any terms considered appropriate–any sentence providing for restitution." Fed. R. Crim. P. 38(e)(1).  The rule further allows the Court to "issue any order reasonably necessary to ensure compliance with a restitution order . . . including: . . . (c) an order requiring

the defendant to deposit all or part of any monetary restitution into the district court's registry." Fed. R. Crim. P. 38(e)(2).

In his Motion, Defendant argues that the Court should "stay the Order of Restitution in accordance with the pending appeal." (Mot. to Stay Restitution ¶ 7, ECF No. 76). Defendant alleges that restitution payments will cause him "irreversible financial loss" that "unnecessarily place[s] a substantial burden upon [Defendant]." (*Id.* at ¶ 4, 6). Because Defendant is currently appealing this Court's denial of his Motion to Dismiss, an appeal that "carries weight and is not frivolous," he believes the Court should stay his restitution until the Ninth Circuit Court of Appeals decides his "novel" issue. (*Id.* at ¶ 8). The Government opposes Defendant's Motion, indicating that Defendant's assets can be properly protected by holding any restitution funds paid in the Court's registry. (Gov. Resp. to Mot. 4:5–7, ECF No. 77).

Defendant takes particular issue with the sale of his car and certain investments. (Deft. Reply 2:25–26, ECF No. 78). First, as Defendant acknowledges, the Government is only requesting that he pay half of the proceeds of the car toward his restitution payment. Second, Defendant explains that he would have to "abandon investments which may increase in the future." (*Id.* at 2:25–26). However, these investments could just as easily decrease in the future, leaving less assets available for restitution if it was stayed as requested by Defendant. Finally, while the Court acknowledges the non-frivolous issue on appeal, the Court also notes that even if the Ninth Circuit reversed the denial of the Motion to Dismiss, counts 6 through 11 of the Indictment would remain against Defendant, which could still result in an order requiring restitution if he is ultimately convicted on those counts.

The Government requests precisely one of the remedies provided by Rule 38(e). The Court finds that placing Defendant's restitution payments in the District Court registry adequately protects Defendant's assets should he be entitled to the return of some or all of these funds in the future. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Restitution (ECF No. 76) is **DENIED**.

**IT IS FURTHER ORDERED** that any and all funds paid by Defendant toward restitution should be placed in the District Court registry pending the appellate decision in Defendant's case.

**DATED** this __29__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court